UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT C. ALLAN, *et. al.*,<br><br>　　　　Plaintiffs,<br>　v.<br><br>THE ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs<br>Khomeini Avenue<br>United Nations Street<br>Tehran, Iran,<br><br>　　　　Defendant. | CASE NO.   1:17-cv-00338-RJL<br><br>**FILED**<br>FEB 1 2 2018<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

## ORDER APPOINTING A SPECIAL MASTER TO CONSIDER COMPENSATORY DAMAGES AWARDS

## TABLE OF CONTENTS

|      |                      | Page |
|------|----------------------|------|
| I.   | Appointment          | 1    |
| II.  | Authority            | 1    |
| III. | Reports              | 2    |
| IV.  | Compensation         | 2    |
| V.   | Required Declaration | 3    |

I.   **Appointment**

Having reviewed the motion and memorandum of law submitted by the Plaintiffs, the declaration of Alan Balaran, Esq., attesting that he has no conflicts of interest under Fed. R. Civ. P. 53(b)(3), and the Curriculum Vitae of Alan Balaran, Esq., the Court hereby appoints Alan Balaran, Esq., to serve as Special Master in this case for the purpose of making recommendations to the Court concerning the proper amount of compensatory damages for the Court to award to each Plaintiff pursuant to 28 U.S.C. § 1605A(e)(1).

II.  **Authority**

The Special Master shall consider all issues related to compensatory damages as to each claim made by each Plaintiff. To do so, the Special Master shall have authority to exercise all powers set forth in Fed. R. Civ. P. 53(c), including but not limited to the power to take and record evidence and administer oaths. Testimony may be received by sworn affidavits. All of Plaintiffs' evidence shall be preserved by counsel for the Plaintiffs, who shall retain it for use by the Court.

The Special Master may communicate *ex parte* with the Court or with counsel for Plaintiffs to the extent that he determines it is reasonable and in aid of the efficient and economical resolution of his duties. Counsel for Plaintiffs may also communicate with the Special Master *ex parte* as reasonably necessary to facilitate the carrying out of his duties.

As to the admissibility of evidence, the Special Master shall be guided by the Federal Rules of Evidence, but it shall not be necessary for documents to be qualified as genuine pursuant to Fed. R. Ev. 901. Authentication shall be made by any counsel's representation as an officer of the Court that a proffered document is an accurate copy of what counsel proffers it to be. Moreover, the Special Master shall be guided by the opinion of the United States Court of Appeals for the D.C. Circuit in *Owens v. Republic of Sudan*, 864 F.3d 751 (D.C. 2017), with

respect to the entry of evidence in terrorism cases under the Foreign Sovereign Immunities Act ("FSIA") wherein defendants fail to appear and thereby default.

As to the evaluation of damages claims, the Special Master shall be guided by prior FSIA cases in this District, including *Owens v. Republic of Sudan*, 61 F. Supp. 3d 42 (D.D.C. 2014) (Bates, J.) and the opinions cited therein.

### III.   Reports

The Special Master shall submit a report to the Court via ECF regarding each Plaintiff's damages claims, which shall contain findings of fact and conclusions of law regarding each item of compensatory damages. The Court will review the Special Master's findings, conclusions and recommendations contained in the reports consistent with Fed. R. Civ. P. 53. If Plaintiffs object to any finding, conclusion or recommendation of the Special Master, they must object or move to modify same within 21 days of service of the report at issue.

### IV.   Compensation

For each day during which the Special Master works for an amount of time greater than zero but less than or equal to four hours, the Special Master shall be paid $600.00. For each day during which the Special Master works for an amount of time greater than four hours, the Special Master shall be paid $1200.00. The Special Master shall also be paid for reasonable business expenses, excluding transportation expenses. Payment for such business expenses shall be limited to $50.00 per day such expenses are incurred. In addition, the Special Master shall be paid for reasonable transportation expenses, if any, incurred. Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid.

The FSIA provides that Special Masters appointed to hear damages claims brought under the terrorism exception to the general rule of foreign sovereign immunity shall be compensated "from funds available for the program under section 1404C of the Victims of Crime Act of 1984." 28 U.S.C. § 1605A(e)(2). Within two weeks of the entry of any damages award in this case, the Special Master shall provide Plaintiffs with vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business or travel expense incurred. Such vouchers should also include a calculation of total pay sought. Within two weeks of receiving any such voucher, Plaintiffs shall file a motion with the Court seeking the Court's order that the Clerk coordinate payment with the Office for Victims of Crime, office of Justice Programs, U.S. Department of Justice. Plaintiffs shall append any such vouchers to any such motions.

V.    **Required Declaration**

Within five business days of the entry of this Order, Plaintiffs' counsel shall submit via ECF the signed declaration of Alan Balaran, Esq., attesting that he shall proceed with all reasonable diligence as to his duties hereunder and shall in all respects comply with this Order.

SO ORDERED: _Richard J Leon_
U.S. District Judge