**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
ROBERT C. ALLAN, *ET. AL.*,

          PLAINTIFF,

    v.

ISLAMIC REPUBLIC OF IRAN,

          DEFENDANT.

CIVIL ACTION NO.: 17-338 (RJL)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DOJ'S MOTION TO STAY BRIEFING AND FURTHER PROCEEDINGS**
**REGARDING DOJ'S MOTION TO QUASH THE SUBPOENA**
**AND TO VACATE THE COURT'S MARCH 28, 2018 ORDER**

The United States Department of Justice ("DOJ"), on behalf of its component the Federal

Bureau of Investigation ("FBI"), a non-party to this civil action, respectfully moves this Court for

an immediate stay of the briefing and related proceedings regarding (i) the subpoena issued to FBI

by Plaintiffs and (ii) this Court's March 28, 2018, Order ("Order") mandating FBI's production of

records in response to this subpoena.  DOJ requests a thirty (30) day stay of proceedings so that

the FBI can review its files related to the hijacking of TransWorld Airlines ("TWA") Flight 847

to confirm which materials are in its possession and determine what, if anything, it can release to

Plaintiffs.[1]

**BACKGROUND**

By letter dated July 11, 2017, Plaintiff's counsel contacted the FBI's Office of General

Counsel requesting a "meeting to discuss the release to [Plaintiffs' counsel] of copies of the FBI's

interviews with [their] clients in 1985, shortly after the passengers and crew were released by the

---

[1] Pursuant to Rule 7(m), FBI's counsel contacted Plaintiffs' counsel for Plaintiffs' position on this motion; Plaintiffs oppose this motion.

hijackers." (Exh. 1: Plaintiff's July 11 Letter).  The letter did not mention or otherwise request documents other than the interviews.  By letter dated August 2, 2017, (the "August 2 Letter") the FBI replied that it could not respond to the request for materials because the request did not comply with regulations enumerated in 28 C.F.R. §§ 16.21-16.29, which are commonly referred to as DOJ's Touhy regulations.  More specifically, the FBI's August 2, 2017 letter stated:

> In order for the FBI to disclose records or information, the requestor must provide the FBI with a jurisdictionally valid subpoena, order, **or** other demand of a court or other authority, together with a written request which identifies the nature of the litigation, the specific information requested, and an explanation of how the requested information is relevant to the litigation. Because you have not met the requirements of these regulations or provided sufficient information to properly evaluate your request, the FBI is not authorized to provide the requested information. *See* United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

(Exh. 2: August 2 Letter.)[2]

Six months later, on March 20, 2018, Plaintiffs filed a motion requesting this Court authorize a subpoena for the requested documents (as the FBI's August 2 Letter suggested they should); however, Plaintiffs went beyond simply requesting a subpoena.  (See ECF 30.)  The proposed order submitted with the motion also asked the Court to mandate that FBI immediately respond to the subpoena's request for production of documents and comply with the subpoena's unreasonable requirement for production of responsive records within 30 days of service of the

---

[2]      DOJ's Touhy regulations apply to the "production or disclosure of any material contained in the files of the Department, any information relating to material contained in the files of the Department, or any information acquired by any person while such person was an employee of the Department." 28 C.F.R. § 16.21(a).  DOJ's non-party Touhy procedures prohibit the production or disclosure of Department records without prior approval.  28 C.F.R. § 16.22(a).  To trigger the approval process, Plaintiffs' demand to the FBI should have included a written statement summarizing "the information sought and its relevance to the proceeding." 28 C.F.R. § 16.22(d).  Once that statement is obtained, the responsible Department officials would apply the factors identified under 28 C.F.R. § 16.26 in deciding whether and to what extent the demanded information would be produced.  See 28 C.F.R. § 16.26(a)–(d).

subpoena.  (ECF No. 30-2).  On March 28, 2018, the Court issued its Order authorizing the subpoena and mandating a response on a rolling basis as the documents become available; Plaintiffs served the subpoena on March 30, 2018.

On April 18, 2018, the FBI filed a Motion to Quash the Subpoena and Vacate the Court's March 28 Order ("FBI's Motion to Quash").  (ECF No. 36.)  On May 2, 2018, Plaintiffs filed their Opposition to FBI's Motion to Quash.  (ECF No. 37.)  On May 8, 2018, FBI's counsel contacted Plaintiffs' counsel proposing that the parties try to work together to resolve the issues related to the subpoena, namely by (i) agreeing to a temporary stay of the briefing regarding the subpoena and the Court's Order and (ii) agreeing to confer in approximately one week, by which time FBI would have had an opportunity to thoroughly review a <u>sample</u> of the records in its possession, consult with other DOJ components having equities in the matter, and be able to provide Plaintiffs with a more definitive and informed decision regarding what, if anything, could be released to Plaintiffs.[3]  The parties have been unable to reach an agreement; thus, the FBI now asks this Court to grant it 30 days to conduct a review of the records to evaluate the documents Plaintiffs request.

## <u>ARGUMENT</u>

"[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997) (citing <u>Landis v. North American Co</u>. 299 U.S. 248, 254 (1936)).  <u>See also</u> <u>Air Line Pilots Ass'n v. Miller</u>, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court

---

[3] In a call between Plaintiffs' counsel and FBI's undersigned counsel on May 8, 2018, as well as in a follow-up email to Plaintiffs' counsel, undersigned counsel also explained that the review of the materials and making a determination regarding what may be releasable is a time-consuming and lengthy process, in part, because multiple individuals and components of DOJ – including the prosecutors on the TWA matter, the FBI, and individuals from DOJ's Federal Programs branch – must have an opportunity to weigh-in on the sensitivities that may preclude production and/or require partial redaction of some materials.

to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). "Indeed, a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties, to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Americas, 402 F. Supp. 2d 289, 292 (D. D.C. 2005) (quoting Leyya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)). This is precisely the type of case that calls for the Court to invoke such discretion.

Granting a stay in these proceedings is necessary and beneficial to the parties and the Court for multiple reasons. A stay is warranted here because (1) Plaintiffs prematurely sought judicial intervention to compel compliance with the then-unserved subpoena; (2) the FBI has not been provided with adequate time to review the documents requested by Plaintiffs; and (3) if given adequate time to review the materials, the FBI would be able to determine what materials it has in its possession, what materials (if any) that it can produce, and what details it can provide to Plaintiffs and the Court regarding any materials that it cannot produce.

First, Plaintiffs' Opposition is correct that the information provided to the FBI with the subpoena on March 30, 2018, likely satisfies the initial requirements that DOJ's Touhy regulations place on a requester seeking documents or testimony from the agency; however; Plaintiffs have frustrated the purpose of the Touhy regulations by failing to provide the agency with a meaningful opportunity to evaluate their Touhy request and review the documents that are the subject of the request. "The purpose of [the Touhy] regulations . . . is 'to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in

controversial matters unrelated to official business.'" <u>Agility Pub. Warehousing Co. K.S.C.P. v. U.S. Dep't of Defense</u>, 246 F. Supp. 3d 34, 41 (D.D.C. 2017) (quoting <u>Boron Oil Co. v. Downie</u>, 873 F.2d 67, 70 (4th Cir. 1989)).  DOJ's <u>Touhy</u> guidelines provide a detailed process for review of requested documents, including identifying the factors to be considered when deciding whether to grant or deny a request for agency records.  <u>See</u> 28 U.S.C. §§ 16.24 and 16.26.  The review envisioned by the <u>Touhy</u> regulations necessarily informs the FBI's ability to engage with Plaintiffs and the Court regarding the content of the documents and the assertion of appropriate privileges with respect to the materials it holds.[4]

Courts in this and other Federal Circuits have regularly held that where, as here, the agency is not a party to the litigation, the party seeking production of documents or testimony must comply with the agency's <u>Touhy</u> regulations and can only seek review after the agency completes its <u>Touhy</u> evaluation.  <u>See, e.g., U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am.</u>, 474 F. Supp. 2d 75, 79–80 (D.D.C. 2007) (holding that, because the non-party federal agency had adopted valid <u>Touhy</u> regulations, the requester must "first seek agency approval" through the <u>Touhy</u> administrative process, and "[a]fter exhausting agency remedies, the party may then seek judicial review of the agency decision via an [APA] action."); <u>Meisel v. FBI</u>, 204 F. Supp. 2d 684, 690– 91 (S.D.N.Y. 2002) (holding that the court lacked jurisdiction to address the merits of the plaintiff's motion to compel because the FBI had not yet issued a final agency action on the request for information filed by the requesting party under the <u>Touhy</u> regulations); <u>Manzo v. Stanley Black & Decker</u>, Inc., No. 13cv3963-JFB/SIL, 2017 WL 1194651, at *7 (E.D.N.Y. Mar. 30, 2017)

---

[4] Plaintiffs' Opposition to FBI's Motion to Quash criticizes the FBI's Motion for not providing detailed information about the content and significance of the documents that are the subject of the subpoena, <u>see</u> ECF No. 37 at 4; however, this is the type of information that FBI has not had sufficient time to develop because it was not permitted to conduct the analysis envisioned by the <u>Touhy</u> regulations.

(holding "[p]laintiff's Motion to Compel is premature" because "[p]laintiff has failed to comply with [the agency's] <u>Touhy</u> Regulations, which . . . is a prerequisite to his Motion to Compel."); <u>Denny v. Carey</u>, 78 F.R.D. 370, 372 (E.D. Pa. 1978) ("When a party seeking discovery from [a federal agency] has not complied with the [<u>Touhy</u>] regulations, a motion for discovery of such material must be denied.").  Notably, had FBI been permitted to conduct the <u>Touhy</u> analysis (as it should have been able to do before Plaintiffs asked the Court to mandate disclosure of the documents), then this Court would have had a more developed and balanced administrative record to review when considering whether it was necessary and appropriate to issue the Order.  Here, the FBI simply asks for an opportunity to complete the <u>Touhy</u> analysis it should have been allowed to complete prior to being compelled to comply with the subpoena.

Second, while Plaintiffs will likely argue that the FBI has been thwarting their efforts at obtaining the documents, it is Plaintiffs who have been the cause of delay.  The record clearly reflects that, after receiving Plaintiffs' July 11, 2017, letter requesting documents, the FBI responded only three weeks later in an August 2, 2017, letter that communicated the proper procedures for obtaining documents.  It was Plaintiffs – not the FBI – who failed to promptly take the next steps necessary to potentially obtain the requested documents.  Had Plaintiffs promptly submitted a proper <u>Touhy</u> request after receiving the FBI's August 2 Letter, then the FBI would undoubtedly have already completed a thorough review of the requested records in its possession and the FBI could have provided a detailed response to Plaintiffs that this Court could then have reviewed.  Moreover, while Plaintiffs assert that it is "urgent" they receive the requested documents, this alleged urgency – which was partly due to Plaintiffs not acting promptly on the FBI's August 2 Letter – should not serve as a basis to deprive FBI of its legal right to conduct an analysis of the requested records in its possession.  The agency has also communicated to Plaintiffs

that if the FBI determines that it cannot produce any of the requested documents, then the FBI intends to advise Plaintiffs of that decision promptly.  Similarly, if the FBI <u>is</u> able to produce some of the documents being requested, the FBI will make a good faith effort to do so expeditiously.

Finally, allowing FBI to have 30 days to conduct a review of the records will have a significant, positive impact on this case.  Not only will it allow FBI to provide the Court and Plaintiffs with more meaningful information, but it can also narrow the issues of contention.  In fact, this has already occurred:  now that the FBI has had an opportunity to begin a more thorough review of its files related to the TWA attack, the FBI has been able to determine that it actually does <u>not</u> possess the 1988 transcripts of the trial that occurred in West Germany ("Item 3" of the Subpoena Attachment), thus mooting the issue of whether the Court should compel FBI to produce these documents.  This fact was communicated to Plaintiffs' counsel via email on May 8, 2018.

*[Remainder of page is intentionally blank.]*

## CONCLUSION

WHEREFORE, for the foregoing reasons, DOJ respectfully requests that this Court enter a stay in the proceedings related to the subpoena and the Court's March 28, 2018 Order so that FBI can conduct the review it should have been permitted to perform before Plaintiffs asked the Court to compel compliance with the subpoena.

Respectfully Submitted,

JESSIE K. LIU, D.C. Bar No. 472845
United States Attorney

DANIEL F. VANHORN, D.C. Bar No. 924092
Chief, Civil Division

 /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK, D.C. Bar No. 993730
Assistant United States Attorney
555 Fourth Street N.W.
Washington, D.C. 20530
Tel: 202-252-2525
April.Seabrook@usdoj.gov

*Counsel for DOJ*